IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 3:09-cr-00243-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **JOSE JAVIER GOMEZ,** | |
| Defendant. | |

**SCOTT ASPHAUG**
Acting United States Attorney
**AMY E. POTTER**
Assistant United States Attorney
405 E. Eighth Avenue
Suite 2400
Eugene, OR 97401
(541) 465-6771

      Attorneys for Plaintiff

**LISA HAY**
Federal Public Defender
**BRYAN FRANCESCONI**
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, OR 97204
(503) 326-2123

1 - OPINION AND ORDER

                Attorneys for Defendant

**BROWN, Senior Judge.**

This matter comes before the Court on Defendant Jose Javier Gomez's Motion (#76) For Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) & First Step Act (Section 404). The Court concludes the record is sufficiently developed, and, therefore, oral argument would not be helpful to resolve this Motion.

For the reasons that follow, the Court **DENIES** Defendant's Motion.

## BACKGROUND

On June 24, 2009, Defendant was charged in an Indictment with one count of Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B); one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 21 U.S.C. § 841(a)(1); and one count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1).

The government describes the criminal conduct underlying the Indictment as follows:

> In February 2009, the Portland Police received information that defendant was dealing cocaine. The police executed a state search warrant on the defendant's residence and found approximately 733 grams of cocaine, a loaded Ruger .40 caliber handgun, a scale, packaging material, acetone, and over $7,000 in cash. Defendant was a felon and

2 - OPINION AND ORDER

>had previous convictions for attempted murder and delivery of methamphetamine.

Gov't Resp. to Def.'s Mot. for Compassionate Release at 1.

On January 20, 2011, Defendant pled guilty pursuant to a Plea Agreement to the one count of Possession with Intent to Distribute Cocaine.

On May 2, 2011, District Judge Ancer L. Haggerty sentenced Defendant to 188 months imprisonment and five years of supervised release.

On January 29, 2021, Defendant filed his *Pro Se* Motion (#76) For Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) & First Step Act (Section 404).

On March 12, 2021, the Court appointed counsel for Defendant.

On May 10, 2021, Defendant filed a Memorandum (#84) in Support of Defendant's *Pro Se* Motion For Compassionate Release.

On May 27, 2021, the government filed its Response (#88) to Defendant's Motion for Compassionate Release.

In June 2021 Defendant advised the Court by email that he did not intend to file a Reply in support of his Motion.

## **DISCUSSION**

Defendant is currently housed at FDC SeaTac and has a

3 - OPINION AND ORDER

projected release date of June 30, 2023.¹  Defendant moves for an order reducing his sentence to time served on the ground that he has medical conditions that make him vulnerable to serious illness from COVID-19.

## I. Compassionate-Release Standards under the First Step Act (FSA)

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824-25 (2010)(quoting 18 U.S.C. § 3582(b)).  Compassionate release is an exception in extraordinary cases.

"For over thirty years, under the original statute, only the BOP Director could file a § 3582(c)(1)(A) motion for a sentence reduction on a defendant's behalf.  However, as part of the First Step Act of 2018, [FSA] Congress amended § 3582(c)(1)(A) to allow a defendant to seek a reduction directly from the court."  *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021).  Specifically, the FSA amended 18 U.S.C. § 3582(c)(1)(A) to provide:

> [T]he court . . . *upon motion of the defendant* after the defendant has fully exhausted all administrative [remedies] or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier

---

¹ Defendant notes as of May 10, 2021, he had served approximately 87 percent of his sentence.

4 - OPINION AND ORDER

>    may reduce the term of imprisonment . . . after
>    considering the factors set forth in section
>    3553(a) to the extent that they are applicable, if
>    it finds that-
>
>    >    (i) extraordinary and compelling reasons
>    warrant such a reduction
>
>    * * *
>
>    and that such a reduction is consistent with
>    applicable policy statements issued by the
>    Sentencing Commission.

FSA, 132 Stat. 5194, Pub. L. No. 115-391 (2018)(emphasis added).

Congress, however, did not provide any "statutory definition of 'extraordinary and compelling reasons.' Instead, Congress stated . . . the Sentencing Commission, 'in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction.'" *Aruda*, 993 F.3d at 800.

Application Note 1 to United States Sentencing Guidelines (U.S.S.G.) § 1B1.13 sets out the Sentencing Commission's policy statement regarding "[r]eduction[s] in [t]erm[s] of [i]mprisonment Under 18 U.S.C. § 3582(c)(1)(A)" as follows:

>    1.   Extraordinary and Compelling Reasons.-
>         . . . extraordinary and compelling reasons
>         exist under any of the circumstances set
>         forth below:
>
>         (A) Medical Condition of the Defendant.--
>
>    * * *

5 - OPINION AND ORDER

>>> (ii) The defendant is--
>>>> (I) suffering from a serious physical or medical condition,
>
> * * *
>
>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover.

That policy statement also requires the court to consider whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" when a defendant satisfies the requirements of § 1B1.13(1). U.S.S.G. § 1B1.13(2). The Sentencing Commission, however, "has not updated § 1B1.13 since the [FSA] amended § 3582(c)(1)(A). The current version of § 1B1.13 refers only to motions filed by the BOP Director, and does not reference motions filed by a defendant as now allowed under § 3582(c)(1)(A)." *Aruda*, 993 F.3d at 800.

After the FSA amended § 3582(c)(1)(A) district courts across the country were split on whether § 1B1.13(1) was an "applicable policy statement[] issued by the Sentencing Commission" as to motions for compassionate release filed by defendants rather than by the BOP. The Ninth Circuit addressed this split in *Aruda* noting:

> (1) the text of § 3582(c)(1)(A) . . . only requires courts to consider "applicable" policy statements by the Sentencing Commission; (2) the text of U.S.S.G. § 1B1.13, . . . begins "[u]pon motion of the Director of the Bureau of Prisons";

6 - OPINION AND ORDER

> (3) the text of Application Note 4 to § 1B1.13, . . . states . . . "[a] reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A)"; (4) the text of Application Note 1(D) to § 1B1.13 . . . is a catch-all provision allowing only the "Director of the Bureau of Prisons" to determine "other" extraordinary and compelling reasons; and (5) the legislative history of the First Step Act's compassionate-release amendment . . . sought to expand and expedite compassionate-release motions because they had seldom been brought by the BOP.

*Aruda*, 993 F.3d at 801 (citations omitted). Ultimately the Ninth Circuit concluded "the Sentencing Commission has not yet issued a policy statement applicable to § 3582(c)(1)(A) motions filed by a defendant," and, therefore, "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *Id*. The Ninth Circuit, however, also concluded the "Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id*. (citing *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)). Pursuant to *Aruda* this Court concludes the policy statement in U.S.S.G. § 1B1.13 is merely advisory rather than mandatory in the context of motions for compassionate release brought pursuant to § 3582(c)(1)(A) by defendants rather than by the BOP. This Court, therefore, will only consider the criteria set out in § 1B1.13 as advisory when evaluating Defendant's Motion for Compassionate Release.

7 - OPINION AND ORDER

**II. The Court's Authority to Modify Defendant's Sentence**

As noted, "'[a] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon*, 560 U.S. at 824-25 (quoting 18 U.S.C. § 3582(b)). *See also United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003)(courts generally may not correct or modify a prison sentence after it has been imposed unless expressly permitted by statute or by Federal Rule of Criminal Procedure 35). As also noted, the FSA provides a limited exception for courts to modify a final judgment of conviction "upon motion of . . . the defendant after the defendant has fully exhausted all administrative [remedies]." 18 U.S.C. § 3582(c)(1)(A).

The parties agree Defendant exhausted his administrative remedies because he submitted a request for compassionate release to the warden of FDC SeaTac in late January 2021 and the warden has not responded.

The Court also concludes on this record that it has the authority to decide Defendant's Motion pursuant to the FSA.

**III. Defendant's Medical Condition**

Defendant asserts he has serious medical conditions within the meaning of U.S.S.G. § 1B1.13(1)(A).

As noted, an extraordinary or compelling reason for compassionate release exists when a defendant is "suffering from

8 - OPINION AND ORDER

a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Application Note to U.S.S.G. § 1B1.13(1)(A).

Defendant notes there have been confirmed cases of COVID-19 at FDC SeaTac. Defendant asserts he falls into the category of inmates who are at a heightened risk of serious illness from COVID-19 because he has a body mass index (BMI) of 27.6, which does not qualify him as obese but does qualify him as overweight. In addition, according to Defendant, he "likely requires dual knee surgeries in the near future." Def.'s Mot. to Reduce Sentence at 4.

The government does not dispute there have been confirmed cases of COVID-19 at FDC SeaTac or that Defendant is overweight. The government, however, notes Defendant has had and recovered from COVID-19 and also has been fully vaccinated against COVID-19. Specifically, Defendant tested positive for COVID-19 on April 23, 2020, and recovered in early May 2020. In addition, Plaintiff received his first shot of the Moderna COVID-19 vaccine on February 10, 2021, and his second shot on March 10, 2021. Finally, the government notes there is not any indication in the medical record that Plaintiff needs knee surgery. The government, therefore, asserts Defendant's health conditions do

9 - OPINION AND ORDER

not satisfy the extraordinary and compelling standard for compassionate release.

In *United States v. Gipson*, 829 F. App'x 780, 781 (9th Cir. 2020), the Ninth Circuit concluded the district court did not err when it denied the defendant's motion for compassionate release even though the defendant had preexisting conditions because the defendant had contracted and recovered from COVID-19. This Court has also denied a defendant's motion for compassionate release when the defendant had preexisting conditions but had contracted and recovered from COVID-19. *See United States v. Williams*, No. 3:09-cv-00243-BR Opin. and Order (#41) at 13. In addition, other district courts in the Ninth Circuit have found uncertainty surrounding the danger of reinfection "cuts against compassionate release" in part because it is the defendant's burden to establish that extraordinary and compelling reasons exist to justify compassionate release. *See, e.g., United States v. Molley*, No. CR15-0254-JCC, 2020 WL 3498482, at *3 (W.D. Wash. June 29, 2020); *United States v. Ieremia,* No. 16-CR-00744-DKW-1, 2021 WL 67313, at *3-*4 (D. Haw. Jan. 7, 2021)("[The defendant] has already contracted and recovered from COVID-19. While the Court recognizes that some reinfections are expected, the CDC states reinfections remain rare. In short, the Court agrees with the Government: While no one is claiming that it is impossible to contract COVID-19 a second time — there are a few known

10 - OPINION AND ORDER

examples around the globe — the evidence currently available indicates that it is at least unlikely.  A rare chance of contracting a virus once recovered from . . . does not meet the bar for an extraordinary and compelling reason warranting release.")(quotations omitted)); *United States v. Rios-Ayon*, No. 1:16-CR-00096-NONE, 2020 WL 7646408, at *6 (E.D. Cal. Dec. 23, 2020)("More fundamentally, aside from citing the risk of reinfection from COVID-19 (which is speculative), nothing in the record before this court supports a contention that defendant is actually hindered in providing 'self-care' at FCI Victorville.").

The Court notes the CDC has found "[c]ases of reinfection with COVID-19 have been reported, but remain rare."  Https://www.cdc.gov/coronavirus/019-cov/your-health/reinfection.html. The Court, therefore, concludes a "rare chance of contracting a virus once recovered from . . . does not meet the bar for an extraordinary and compelling reason warranting release." *Ieremia,* 2021 WL 67313, at *3-*4.

In addition, although the Ninth Circuit has not addressed whether an individual who has health conditions like those suffered by Defendant and who is fully vaccinated against COVID-19 can satisfy the extraordinary and compelling standard, this Court has previously concluded such an inmate cannot satisfy that standard.  *See United States v. Wills*, No. 3:15-CR-00465-BR, 2021 WL 2179256, at *4 (D. Or. May 27, 2021)("[T]he Court concludes

11 - OPINION AND ORDER

Defendant has not satisfied the extraordinary and compelling standard because he is fully vaccinated against COVID-19."). Other district courts in the Ninth Circuit and other judges in this District have also concluded inmates who have been fully vaccinated and who suffer from conditions similar to those of Defendant have not satisfied the extraordinary and compelling standard. *See, e.g., United States v. Prince*, No. 3:18-CR-00616-MO-1, 2021 WL 2903222, at *1 (D. Or. July 8, 2021)(denying the defendant's motion for compassionate release on the ground that although the defendant suffers from serious medical conditions, he is fully vaccinated against COVID-19); *United States v. Cardoza*, No. 3:17-CR-00438-JO, 2021 WL 932017, at *1 (D. Or. Mar. 11, 2021)(concluding the defendant, who was obese and suffered from asthma, "has not proven 'extraordinary and compelling reasons' justifying his release pursuant to 18 U.S.C. § 3582(c)(1)(A)" based on his "vaccination and the low rate of infection at FCI Terminal Island"); *United States v. Pena*, No. CR1900296001PHXDJH, 2021 WL 1688240, at *1 (D. Ariz. Apr. 28, 2021)("[T]he Government notes [Defendant] received both doses of the COVID-19 vaccine.  The Government contends this is an additional basis to deny her current Motion [for Compassionate Release].  The Court agrees."); *United States v. Sakuma*, No. CR 12-00055 JMS, 2021 WL 1536571, at *3 (D. Haw. Apr. 19, 2021) ("[T]aking into account Defendant's age [58], risk factors

12 - OPINION AND ORDER

[diabetes, high blood pressure, and high cholesterol], and that he has been vaccinated, the court concludes that [Defendant] has failed to demonstrate that extraordinary and compelling reasons warrant compassionate release."); *United States v. Martinez*, No. 19-CR-5218-MMA, 2021 WL 927360, at *3 (S.D. Cal. Mar. 10, 2021)(Even though the defendant suffered from obesity and high blood pressure, the court denied the defendant's motion for compassionate release because the defendant had been fully vaccinated against COVID-19.); *United States v. Grummer*, No. 08-CR-4402-DMS, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021)("Although Defendant suffers from several chronic medical conditions, his vaccination significantly mitigates the risk that he will contract COVID-19."); *United States v. Ballenger*, No. CR16-5535 BHS, 2021 WL 308814, at *4 (W.D. Wash. Jan. 29, 2021)(denying the defendant's motion for compassionate release because "[a]lthough it is currently unknown how long immunity produced by vaccination lasts, based on evidence from clinic trials, the Pfizer-BioNTECH vaccine [that defendant] received was 95% effective at preventing COVID-19 illness.  The defendant has the burden to establish his entitlement to compassionate release. He has not met that burden.").

District courts in other circuits have also concluded inmates who are fully vaccinated against COVID do not satisfy the extraordinary or compelling standard even though they have

13 - OPINION AND ORDER

medical conditions similar to Defendant. *See, e.g.*, *United States v. Stiver*, No. CR 17-64, 2021 WL 1110593, at *1 (W.D. Pa. Mar. 23, 2021)("Given Defendant's vaccination, the Court does not find 'extraordinary or compelling reasons' for release."); *United States v. Williams*, No. 5:01-CR-00012-KDB, 2021 WL 966028, at *3 (W.D.N.C. Mar. 15, 2021)("Being vaccinated against COVID-19 seriously undermines Defendant's assertion that 'extraordinary and compelling reasons' warrant his release from prison."); *United States v. Singh*, No. 4:15-CR-00028-11, 2021 WL 928740, at *2 (M.D. Pa. Mar. 11, 2021)("[T]he Court concludes that Singh's recent vaccination mitigates his risk from COVID-19 to such an extent that COVID-19, in combination with Singh's underlying conditions, no longer presents an extraordinary and compelling reason to grant compassionate release."); *United States v. Poupart*, No. 3:11CR116 (JBA), 2021 WL 917067, at *1 (D. Conn. Mar. 10, 2021)("Mr. Poupart's argument that his significant medical needs warrant his release lacks persuasive force since the vaccine has empowered Mr. Poupart to reduce these risks."); *United States v. Johnson*, No. 3:02-CR-00068-TBR, 2021 WL 863754, at *2 (W.D. Ky. Mar. 8, 2021)("Johnson's vaccination minimizes any increased risk he faced due to his medical conditions."); *United States v. Ulmer*, No. CR 18-00579-3, 2021 WL 844579, at *2 (E.D. Pa. Mar. 5, 2021)("Considering Ulmer's minor health concerns, recent recovery from COVID-19 and vaccination, he does

not come close to establishing extraordinary and compelling reasons for his release."); *United States v. McQuarrie*, No. 16-20499-1, 2021 WL 843177, at *5 (E.D. Mich. Mar. 5, 2021) ("[A]bsent some authority to the contrary, this Court will not deem an underlying susceptibility to COVID-19 'extraordinary and compelling' where the movant is vaccinated against the disease and is not housed in a facility with a substantial outbreak.").

The Court finds these cases to be persuasive and adopts their reasoning. Accordingly, on this record the Court concludes Defendant has not satisfied the extraordinary and compelling standard because he is fully vaccinated against COVID-19, which "minimizes any increased risk he face[s] due to his medical conditions."

In summary, the Court concludes Defendant has not established an extraordinary or compelling reason for compassionate release exists in this case. Accordingly, the Court **DENIES** Defendant's Motion For Compassionate Release Pursuant to 18 U.S.C. 3582(c)(1)(A) & First Step Act (Section 404). Because the Court has concluded Defendant has not established he suffers from a sufficiently serious medical condition, the Court does not address whether Defendant would be a danger to the community if he was released.

**CONCLUSION**

For these reasons, the Court **DENIES** Defendant's Motion (#76) For Compassionate Release Pursuant to 18 U.S.C. 3582(c)(1)(A) & First Step Act (Section 404).

IT IS SO ORDERED.

DATED this 26th day of July, 2021.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States Senior District Judge

16 - OPINION AND ORDER